Jacquelyn M. Hughes
HUGHES LAW, P.L.L.C.
3031 Grand Ave. #114
Billings, MT 59102
Phone: (406) 855-4979
Facsimile: (888) 650-8031
jhughes@hugheslawmt.com

Attorney for Plaintiff

FILED
6/6/2022
Clerk, U.S. District Court
District of Montana
Billings Division

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JOY GAFFKE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>Defendant. | Case No. **CV-22-56-BLG-SPW-KLD**<br><br>Judge<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Joy Gaffke (Joy), and for her Complaint against Defendant State Farm Mutual Auto Insurance Company (State Farm), alleges:

## INTRODUCTION

1. Joy brings this action to collect benefits to which she is entitled under State Farm Policy 047-7181-C28-26A (Policy). Joy has demanded that State Farm pay out the Policy's limits for its underinsured motorist (UIM) coverage as the

1

result of Joy sustaining significant injuries in a motor vehicle collision on February 4, 2018.

## PARTIES

2. Joy is a resident of Yellowstone County, Montana.

3. State Farm is a foreign profit corporation doing business in Montana.

## JURISDICTION & VENUE

4. This Court has jurisdiction over the parties as the accident that gave rise to this Complaint took place in Yellowstone County, the contract with State Farm was entered into in Montana and Montana is where the terms of the contract should have been performed.

## COMMON ALLEGATIONS

5. On February 4, 2018, Joy and her husband were in a vehicle covered by the Policy, stopped at an intersection, when their vehicle was struck from behind by another vehicle. Joy and her husband called 911 but were advised that law enforcement would not respond due to an "icy roads policy."

6. As a result of the collision, Joy was initially diagnosed with "segmental joint dysfunction and myalgia of the Cervical, Thoracic, Pelvic, and Sacral regions with attending headaches, cervicalgia, thoracic discomfort and lumbago affecting normal range of motion, activities of daily living, general

movement and working." Joy treated for her injuries with a chiropractor and physical therapist but experienced very little pain relief.

7. On July 30, 2018, Joy underwent an MRI, which revealed disc bulging at the C3-C4 level and disc osteophyte complex at the C4-C5 level. She continued to treat for injuries with a chiropractor and physical therapist, but she continued to experience very little pain relief.

8. Because of her pain, Joy was unable to meet the physical demands of her employment and therefore left her employment with Riverstone Dental at the end of April 2019.

9. On July 10, 2019, Joy was diagnosed with a cervical facet joint injury. Between July 2019 and December 2019, she subsequently received rhizotomies to sever nerve roots in her spinal cord, which initially provided a great deal of relief. Her physician recommended additional rhizotomies, likely to be followed by ablations to treat scar tissue, Joy stopped treating in 2020 due to skyrocketing healthcare costs and COVID-19 considerations.

10. Joy's pain has continued, causing significant life limitations.

11. Joy has returned to work, but in a different industry. Joy suffered lost wages as well as a dramatic increase in the cost of health insurance as a result of no longer being able to engage in her career as a dental assistant.

12. Since the collision, Joy has suffered considerable pain and suffering, and she and her husband have experienced a devastating loss of enjoyment of the active lifestyle they previously shared with one another.

13. The driver who caused the collision had only the mandatory minimum liability limit of $25,000.00, and Joy has exhausted the Policy's medical payment coverage limit.

14. The Policy includes Underinsured Motorist (UIM) coverage.

15. Joy's damages exceed the UIM policy limit.

16. Joy has complied with all of State Farm's pre-litigation demands, including undergoing a medical exam by a doctor chosen solely by State Farm, which occurred on April 18, 2022.

17. On August 10, 2020, Joy, through her attorney, sent State Farm a letter requesting a copy of the Policy's Declarations Page and requesting any statements State Farm had taken with respect to the motor vehicle collision. Joy's attorney further advised State Farm that she anticipated demanding the Policy's limits. Notably, in response to Joy's letter, State Farm did not request that Joy undergo an IME.

18. On March 12, 2021, Joy, through her attorney, sent State Farm a demand letter detailing the above facts and requesting that State Farm pay out the limits under the Policy's UIM coverage. Accompanying the demand letter were

hundreds of pages of medical records, medical bills, and tax returns. Also accompanying the demand letter was a letter from the at-fault party's insurer, Progressive West Insurance Company, stating that it had paid out all available limits to Joy for the motor vehicle collision. In response to Joy's demand letter, State Farm, through a claim's specialist, sent a letter to Joy's attorney dated April 7, 2021 stating in relevant part, "At this time I am unable to confirm or deny your demand for policy limits. We will need your client to submit to an independent medical exam and I have hired the Williams Law Firm to facilitate this for us. You should receive a letter from their office in the near future regarding the exam and a request for prior medical records."

## COUNT I: VIOLATION OF THE UNFAIR TRADE PRACTICES ACT (UTPA)
## (Mont. Code Ann. § 33-18-201 et seq.)

19. Joy realleges all preceding paragraphs as if fully set forth herein.

20. State Farm owed Joy various duties pursuant to Mont. Code Ann. § 33-18-201 et seq.

21. State Farm breached its statutorily defined obligations.

22. As a result of State Farm's violation of the UTPA, Joy has suffered and will continue to suffer damages.

## COUNT II: BREACH OF CONTRACT

23. Joy realleges all preceding paragraphs as if fully set forth herein.

24. The Policy constitutes a contract between the parties.

25. Joy performed under the contract, paying premiums for UIM coverage, producing all documentation requested by Defendant and undergoing an exam with a doctor solely of Defendant's choosing.

26. State Farm failed to perform under the contract, forcing Joy to litigate her claim for benefits under her UIM coverage.

27. As a result of State Farm's breach of contract, Joy has suffered damages.

## COUNT III: BAD FAITH

28. Joy realleges all preceding paragraphs as if fully set forth herein.

29. With every contract there is an implied covenant of good faith and fair dealing, requiring honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

30. A special relationship exists between Joy and State Farm.

31. The parties were in inherently unequal bargaining positions at the contract's formation. The contract is one of adhesion. Joy had no bargaining position and no voice at the contract's formation.

32. Joy's motivation for entering the contract was for non-profit reasons – i.e., to secure peace of mind, security, and future protection.

33. Ordinary contract damages are inadequate to require State Farm to account for its actions. State Farm has in the past been required to pay attorney's fees and costs to an insured who was forced to litigate her claim for benefits under her UIM coverage. State Farm learned nothing from the outcome, instead forcing Joy to litigate her claim for benefits under her UIM coverage. And State Farm will continue with unfair trade practices until they are routinely held to account for them.

34. Ordinary contract damages will not make Joy whole. Joy has suffered further physical pain throughout the litigation for which she has been unable to treat because of a lack of finances. Additionally, by being forced to litigate her claim for benefits under the Policy's UIM coverage, Joy's contract damages will be reduced by attorney's fees and costs unless awarded under a tort cause of action.

35. Joy was especially vulnerable at the contract's formation because of the type of harm she risked if she did not purchase UIM coverage, and State Farm was aware of Joy's vulnerability.

36. As a result of State Farm's bad faith, Joy has suffered and will continue to suffer damages by way of unpaid benefits for which she is entitled under the Policy and her attorney's fees and costs to litigate her claim.

**COUNT IV: FRAUD**

37. Joy realleges all preceding paragraphs as if fully set forth herein.

38. State Farm represented to Joy that in exchange for her payment of premiums for the Policy's UIM coverage, State Farm would pay her benefits under the Policy's UIM coverage if she suffered bodily injury as a result of an occurrence caused by an underinsured party.

39. The representation was false. Joy paid her premiums for UIM coverage, but State Farm has not, in return, paid her benefits under the Policy's UIM coverage.

40. The representation was material. Joy would not have purchased UIM coverage and paid the corresponding premiums but for State Farm's representation.

41. State Farm made the representation without any intention of performing it.

42. State Farm made the representation with the intent to deceive Joy or to induce Joy to purchase UIM coverage.

43. Joy did not know the representation was false.

44. Joy relied upon the representation and purchased UIM coverage.

45. As a purchaser of auto insurance from State Farm, Joy had a right to rely upon the representation in deciding whether to purchase UIM coverage.

46. As a result of State Farm's fraud, Joy has suffered damages by way of the premiums she paid for the Policy's UIM coverage, unpaid benefits for which

she is entitled under the Policy, and her attorney's fees and costs to litigate her claim.

## PRAYER FOR RELIEF

WHEREFORE, Joy prays for the following relief:

47. For unpaid benefits to which she is entitled under the Policy;

48. For all damages incurred;

49. For her attorney's fees and costs to litigate her claim;

50. And for such other relief as the Court deems just and equitable.

DATED June 6, 2022.

HUGHES LAW, P.L.L.C.


/s/ Jacquelyn M. Hughes
Jacquelyn M. Hughes
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

Joy hereby demands a jury trial to resolve her claims against State Farm.

DATED June 6, 2022.

HUGHES LAW FIRM, P.L.L.C.


/s/ Jacquelyn M. Hughes
Jacquelyn M. Hughes
Attorney for Plaintiff